◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DAVID PECK, Appellant.— Judgment of the County Court, Suffolk County, rendered November 24, 1970, affirmed. No opinion. Martuscello, Acting P. J., Latham, Christ and Brennan, JJ., concur; Benjamin, J., dissents and votes to reverse and dismiss the indictment, with the following memorandum: In my opinion, defendant's guilt was not established beyond a reasonable doubt by the credible evidence adduced at this trial, and the indictment therefore should be dismissed. Apart from the foregoing, there is another factor here present which would require a new trial in the interest of justice if the indictment were not dismissed.

A fellow student, involved in the same sale of hashish charged against this defendant, pleaded guilty and was placed on probation before this trial took place. Called as a witness by defendant, after the prosecution had failed to call him, he testified that he, alone, had committed the crime and that defendant was not in any way involved in its commission. The prosecution did not attack this testimony as a recent fabrication, so defense counsel was unable to adduce the fact that this witness had made the same statement (exculpating defendant and assuming sole responsibility for the crime) when he was first arrested. Nor did the prosecution place before the jury this statement made by the witness immediately following his arrest. The failure to apprise the jury of this witness' prior statement may well have been of critical importance in this close case. The jury may have been disinclined to credit this witness' trial testimony because he had already pleaded guilty and received probation, and thus could, at no risk to himself, help out defendant (his friend and fellow student) by testifying that he (the witness) had alone committed the crime. But the identical statement, made by this witness when he was first arrested, undoubtedly would have been found much more credible and accorded much greater weight by the jury had it been apprised of it, since this witness had nothing to gain and everything to lose when, immediately after his arrest, he completely exculpated defendant and himself assumed sole responsibility for the crime. In view of the foregoing, I believe defendant did not have the full, fair trial to which he was entitled; and if the indictment be not dismissed, the interests of justice would require a new trial at which the jury could and should be apprised of this witness' pretrial statement exculpating defendant.